## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RANITA DAILEY, JOHN DALEY II, ERIC HALL AND DOMINIC POGGI, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br> GROUPON, INC., <br><br> Defendant. | No.  11-CV-5685 <br><br> Judge Edmond E. Chang <br><br> Magistrate Judge Michael T. Mason |

### GROUPON'S MOTION FOR DIRECT ASSIGNMENT PURSUANT TO LOCAL RULE 40.3 OR FOR REASSIGNMENT PURSUANT TO LOCAL RULE 40.4

Defendant Groupon, Inc. ("Groupon") respectfully moves pursuant to Local Rules 40.3 and 40.4 for the direct assignment or reassignment to this Court of a newly filed case – *Sean McDonnell, et al. v. Groupon, Inc.* No. 14-cv-09028 (the "Follow-On Action") – brought by certain former opt-in plaintiffs in this case.  In support of this Motion, Groupon states as follows:

## I.    Introduction:

1.    This motion addresses Plaintiffs' counsels' improper effort to engage in judge-shopping.  Despite specifically being invited by this Court to renew their motion for class certification for the post-August 2011 time period, Plaintiffs' counsel have shopped for a new judge by filing a new case seeking certification of a class of Account Representatives (ARs) who worked at Groupon from August 2011 forward.  In order to achieve that end, Plaintiffs' counsel misled this Court and have

attempted to do an end-run around further class action proceedings before Your Honor. Specifically, Plaintiffs' counsel took three steps to carry out their plan:

- First, counsel falsely represented to Your Honor that they lacked an adequate class representative to pursue their renewed motion for class certification before this Court;

- Second, counsel filed a Civil Docket Sheet in connection with the filing of the Follow-On Action that failed to disclose that the new case is related to the case pending before this Court; and

- Third, counsel intentionally and incorrectly represented in the Civil Cover Sheet that the Related Case was not a refiling of a previously dismissed action, even though the complaint itself belies this statement.

Had Plaintiffs' counsel not engaged in such improper actions, the Follow-On Action would have been assigned to this Court without the need for further action by Groupon. Instead, it was first randomly assigned to Judge Gary S. Feinerman, and then subsequently to Judge Joan H. Lefkow. *See* 14-cv-09028 Dkt. 13 and 14.

2. Plaintiffs' counsel have unreasonably and vexatiously multiplied the proceedings in this matter for the improper purpose of seeking a different judge to resolve the question of class certification for the post-August 2011 time period. Such conduct should not be condoned and the Follow-On Action should be directly assigned to this Court pursuant to Local Rule 40.3 or, at the very least, reassigned to this Court pursuant to Local Rule 40.4.

## II. <u>Argument:</u>

3. When counsel for the parties appeared in Court on November 10, 2014, Groupon raised the same concern that it had noted in the submission that it filed the previous day (Dkt. 238) – *i.e.,* that Plaintiffs' counsel were planning to have opt-

2

in plaintiffs file separate claims, and then move for class certification before a newly assigned judge instead of presenting Plaintiffs' renewed motion for class certification before this Court, even though this Court provided Plaintiffs the opportunity to do just that. Groupon further anticipated that Plaintiffs' counsel would be engaging in tactical maneuvers to avoid the assignment of the later filed case to Your Honor – a classic and improper example of judge shopping. *See* Dkt. 238, p. 4. Plaintiffs' counsel denied any such efforts.

4. Despite their written and oral representations to the contrary, later that same day, Plaintiffs' counsel filed the Follow-On Action on behalf of eleven former opt-in plaintiffs from this case. *See* Exhibit A, Follow-On Action complaint. Like this action, the Follow-On Action asserts claims against Groupon for alleged violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA), and the Illinois Minimum Wage Law Act, 820 ILCS § 105/1 *et seq.* (IMWL), for not paying Groupon's ARs overtime pay. *Id.* The claims asserted in the Follow-On Action are brought as a class-action pursuant to Rule 23 and as a collective action under the FLSA (29 U.S.C. § 216(b)) by one of the plaintiffs (Sean McDonnell). *Id.* at ¶¶ 8-9. The claims asserted by Mr. McDonnell and the other former opt-in plaintiffs are also brought in their individual capacity. *Id.* at ¶¶ 8-10. It is clear that the Follow-On Action could have and should have been filed before this Court.

## A. Plaintiffs' Counsel Incorrectly Represented That They Lacked a Class Representative for the Post-August 2011 Time Period.

5. In their pleadings submitted in advance of the November 10, 2014 status hearing, and at that hearing as well, Plaintiffs' counsel represented that

none of the named Plaintiffs in this case "could serve as class representatives for the class periods suggested by the Court." *See, e.g.,* Dkt. 233, Plaintiffs' Statement Regarding Their Intention To Not Renew Their Motion For Class Certification ("Statement"). That Statement was not correct at the time it was made and it is not correct now. First, one of the named Plaintiffs in this case, Eric Hall, worked at Groupon as an Account Executive from August 2010 until February 2012 (Docket # 126-2, p. 16 – Hall Decl. ¶2), and thus worked within the narrower class time period (*i.e.*, post-August 2011) for which Plaintiffs' counsel had previously represented to the Court on October 28, 2014 that they were going to file a renewed motion for class certification (*see* Exhibit B, 10/28/2014 Hearing Tr. at 3).

6.    Second, at the time that Plaintiffs' counsel told the Court that they had no class representative for the post-August 2011 time frame, they had another client (Mr. McDonnell) ready to serve as the named plaintiff for that very period. This fact is plainly revealed in the complaint in the Follow-On Action, filed just a few hours later, where Plaintiffs' counsel name Mr. McDonnell as the class representative for the post-August 2011 timeframe (*see* Exhibit A, ¶¶ 8-9), *i.e.*, the very same time period for which they claimed to lack a representative in this case. And to be clear, Mr. McDonnell was no stranger to Plaintiffs' counsel; rather, as an opt-in plaintiff in this case, he was a pre-existing client of Plaintiffs' counsel. Simply put, no reason exists for why Mr. McDonnell could not have been added as a named plaintiff in this case, and no benign explanation exists for why counsel made the representations they made to the Court. Indeed, Plaintiffs' counsel added new

4

class representatives from time to time in this case from the ranks of the opt-in plaintiffs. *See* Dkt. 52 and 54.

**B.** **Plaintiffs' Counsel Failed to Disclose the Relationship Between this Case and the Follow-On Action.**

7.      In filling out the Civil Cover Sheet for the Follow-On Action, Plaintiffs' counsel   incorrectly (a) checked the box in Section X, stating that it "[i]s not a refiling of a previously dismissed action," and (b) further left blank Section IX, which requests the identification of any related cases, including the judge and docket number. *See* Exhibit C, Follow-On Action Civil Cover Sheet.

8.      The complaint filed in the Follow-On Action, however, specifically admits that the plaintiffs in that case are *all former opt-in plaintiffs from this case and that on November 10, 2014 they were dismissed from this action*. *See* Exhibit A, ¶¶ 6-7. Therefore, the complaint in the Follow-On Action specifically confirms that it is a refiling of the claims that these former opt-in plaintiffs had asserted in this case.  Of course, the clerk's office cannot be expected to read the complaint and determine that this is a refiling of a previously dismissed case, which is precisely why Local Rule 40.3(b)(2) requires Plaintiffs' counsel to advise the clerk's office of that fact via the Civil Cover Sheet, and then requires the clerk's office to assign the case to the judge that presided over the prior case.  Had Plaintiffs' counsel followed local Rule 40.3(b)(2) and truthfully filled out the forms needed for the Court to properly administer the District Court's calendar, the Follow-On Action would have been directly assigned to this Court.

9.     Plaintiffs' counsels' decision to leave the related case section of the Civil Cover Sheet blank further demonstrates their effort to avoid having the Follow-On Action assigned or reassigned to Your Honor.  There is no question that the Follow-On Action is related to this case.  It involves the same parties and the same claims as have been asserted and dismissed in this case, and was filed by the same lawyers.

**C.     The Follow-On Action Should Be Assigned to this Court Pursuant to Local Rule 40.3.**

10.     Local Rule 40.3(b)(2) provides that: "[w]hen a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned. The designation sheet presented at the time the second case is filed shall indicate the number of the earlier case and the name of the judge to whom it was assigned."  "[O]ne purpose of L.R. 40.3(b)(2) is to prevent forum (or, more precisely, judge-) shopping."  *See Cua v. Corsolutions Medical, Inc.,* 2005 WL 1661984 (N.D. Ill. 2005).

11.     There is no question that the Follow-On Action is a refiling of a previously dismissed case.  In fact, the newly-filed complaint specifically alleges that the eleven opt-in plaintiffs were dismissed from this case on November 10, 2014.  *See* Exh. A., ¶ 7.

12.     Had Plaintiffs' counsel complied with 40.3(b)(2)'s requirement to provide in the Civil Cover Sheet "the number of the earlier case and the name of the judge to whom it was assigned," the later-filed case would have been directly

6

assigned to Your Honor. Plaintiffs' counsel should not be permitted to evade the application of Local Rule 40.3(b)(2) by simply not complying with the straightforward requirements of Local Rule 40.3(b)(2). To allow them to do so would mean that litigants in this District could avoid direct assignment of a previously dismissed case by manipulating how they fill out the Civil Cover Sheet.

### D.    The Follow-On Action Should Be Reassigned to this Court Pursuant to Local Rule 40.4.

13.    Local Rule 40.4 sets forth the test for determining when a later-filed case should be reassigned to the judge handling an earlier filed case. Initially, Local Rule 40.4(a) requires that the cases are related. Under Local Rule 40.4(a), two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same. "Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4." *See BP Corp. North America, Inc. v. Northern Trust Investments, N.A.,* 2009 WL 1684531, *2 (N.D. Ill. 2009).

14.    Local Rule 40.4(b) sets forth the conditions under which related cases may be reassigned to the calendar of another judge. Those conditions are: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would

be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

15.     The Seventh Circuit has made clear that overlapping cases filed in the same district should be consolidated before one judge pursuant to Local Rule 40.4. *See Smentek v. Dart*, 683 F.3d 373 (7th Cir. 2012) (where, in a class action case, the Seventh Circuit noted that the reassignment procedures of Local Rule 40.4(a) should have been applied to avoid conflicting rulings as "a single judge would not be of different minds about three identical lawsuits."); *Smith v. Check-n-Go of Ill.*, 200 F.3d 511, 513 n.1 (7th Cir. 1999) (holding that the district court should have consolidated separate cases before a single judge because "the issues and parties have substantial overlap" and "all of these cases were filed by a single law firm, on behalf of a stable of clients most of whom have filed or joined multiple suits."); *Blair v. Equifax Check Svcs.*, 181 F.3d 832, 839 (7th Cir. 1999) (holding that "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.  Rules of the Northern District permit just such a process.").

16.     The initial requirement of Local Rule  40.4(a) – that the cases in question are related – is clearly met here.  There is no question that the two lawsuits at issue here share "some of the same issues of fact or law."  At a minimum, both cases involve the legal question of the whether the administrative exemption applies to the plaintiffs' claims for overtime pay.  Additionally, both cases grew "out of the same transaction" as the alleged basis for the claims asserted

in these cases arises out of Groupon's non-payment of overtime pay to its Account Representatives.

17.     The conditions for reassignment under Local Rule 40.4(b) are likewise satisfied here.  First, both cases are pending in this District.  Second, the handling of both cases by this Court "is likely to result in substantial saving of judicial time and effort."  This Court has invested substantial time becoming familiar with the facts and issues relating to Plaintiffs' overtime claims against Groupon, including without limitation reviewing over 100 pages of briefing, hundreds of pages of exhibits, and detailed discussions of case authority regarding the application of the administrative exemption in connection with the parties' class certification submissions.  If the Follow-On Action is not reassigned to this Court, then another judge of this district would have to invest substantial time becoming familiar with the issues in this case.  That, of course, does not result in an economical use of the court's resources.    Third, this case has not progressed to the point where reassignment would likely result in the substantial delay of this case.  At the November 10, 2014 status hearing, Your Honor set a fact discovery schedule cut-off for May of 2015 in this case.  *See* Dkt. 240.  During that nearly six-month fact discovery period, the parties should be able to complete any necessary discovery in both cases.  The Plaintiffs have indicated that they intend to take 6-8 depositions of Groupon's managers in this case – likely including some depositions that will pertain to both lawsuits, further supporting reassignment of the proceeding.  And certainly Groupon should be able to take approximately 11 additional depositions

over a nearly 6 month period. Moreover, the fact that the Follow-On Action is a class action is not a bar to its reassignment to this Court. *See Popovich v. McDonald's Corp.,* 189 F. Supp.2d 772, 778 (N.D. Ill. 2002) ("The presence of class allegations in one or more cases, however, is not a bar to reassignment."). Additionally, even if a class were certified, there is no reason that class discovery would delay the merits discovery in the case. Indeed, the parties could and should conduct such discovery on a parallel track over the next six months. Finally, both cases are susceptible to resolution in a single proceeding as they involve the same underlying claims and defenses.

18. A similar circumstance occurred in the United States District Court for the Southern District of Illinois in *Baker v. Amsted Rail Co., Inc.*, No. 12-cv-1245-MJR-SCW, 2013 U.S. Dist. LEXIS 12121 (S.D. Ill. Jan. 30, 2013), where the Court denied final certification of a collective action. *Id.* at *2. Plaintiffs filed four new lawsuits thereafter, which were randomly assigned to different judges, and the original judge, *sua sponte*, reassigned the cases to his docket. *Id.* at *3-4. The Court explained, "[t]hat reassignment was in keeping with the practice of this District Court and Seventh Circuit Court of Appeals' directive, that related cases filed within the same District Court should be handled by a single District Judge. *Id.* at *4 (*citations omitted)*. The Court emphasized that this reassignment "discourages judge-shopping, safeguards against inconsistent rulings, and promotes judicial economy." *Id.*

19. The requirements of Local Rule 40.4 are met here. That fact is confirmed by the Seventh Circuit's holdings in *Smentek v. Dart*, *Smith v. Check-n-Go of Ill.*, and *Blair v. Equifax Check Svcs.*, as well as the well-reasoned discussion in *Baker v. Amsted Rail Co., Inc.* Those decisions all indicate that the application of these requirements should be effectuated so as to avoid the waste of judicial resources, judicial forum shopping, and conflicting decisions by judges within this District.

20. In sum, Plaintiffs' counsel knew that they could not directly ask Your Honor to have their renewed motion for class certification in this case heard before another judge of this District. So, instead, they have engaged in a series of evasive actions designed to accomplish precisely that end. But for Plaintiffs' counsels' improper judge shopping, the Follow-On Action would have been assigned to this Court without any need for intervention by Groupon. However, because of Plaintiffs' counsels' conduct, Groupon needlessly was forced to spend considerable time and resources opposing such efforts and now filing this motion.

WHEREFORE, Groupon respectfully requests that (a) the Court order the direct assignment of the Follow-On Action to this Court pursuant to Local Rule 40.3; or (b) alternatively order the reassignment of the Follow-On Action to this Court pursuant to Local Rule 40.4.

Dated: November 14, 2014                    Respectfully Submitted,


                                            By: /s Richard J. Prendergast
                                               One of the Attorneys
                                                  for Defendant

11

David K. Haase
Catherine S. Lindemann
LITTLER MENDELSON, P.C.
321 N. Clark St., Suite 1000
Chicago, Illinois  60654
(312) 372-5520

Richard J. Prendergast, Esq.
Michael T. Layden, Esq.
RICHARD J. PRENDERGAST, LTD.
111 W. Washington St., Suite 1100
Chicago, Illinois  60602
(312) 641-0881