UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RANITA DAILEY, JOHN DALEY II, ERIC HALL and DOMINIC POGGI, on behalf of themselves and all other persons similarly situated, | ) ) ) ) ) | Case No. 11 C 5685 |
| Plaintiffs, | ) ) | Judge Chang |
| v. | ) ) | Magistrate Judge Mason |
| GROUPON, INC., | ) ) | |
| Defendant. | ) | |

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION
FOR DIRECT ASSIGNMENT OR REASSIGNMENT

Plaintiffs, Ranita Dailey, John Daley II, Eric Hall and Dominic Poggi, hereby respond to Defendant's motion for direct assignment or for reassignment (ECF No. 242), and in opposition of this motion, Plaintiffs state as follows:

**I.  INTRODUCTION**

In opposing class certification, nearly half of Defendant's 46-page brief were claimed facts that precluded class certification because on the merits, each Sales Rep's situation would require an individualized inquiry: indeed, Defendant predicted "1,000 mini-evidentiary hearings." Def.'s Resp. at 43 (ECF No. 194). This Court ruled that Plaintiffs could not meet the commonality or predominance prerequisites of Rule 23 because of the need for these individualized inquiries. Mem. Op. Order, at 14 (ECF No. 223).[1] The Court also accepted that "thousands of damages hearings" would be required. *Id.* at 26.

---

[1]  Document Number 223 is the Court's redacted memorandum opinion and order. As may be necessary, the citation here refers to the unredacted copy received from chambers.

1

Having successfully argued that Sales Reps do not share a "universality of experience," Def.'s Resp. at 4 (ECF No. 194), Defendant cannot now argue that the cases are susceptible to disposition in a single proceeding, or that a substantial savings of judicial time and effort would result from reassignment, as required to meet a relatedness reassignment. L.R. 40.4; *see Donahue v. Elgin Riverboat Resort d/b/a Grand Victoria Riverboat*, No. 04 C 816, 2004 WL 2495642, at *2, 3 (N.D. Ill. Sept. 28, 2004) (denying motion for relatedness reassignment and finding class decertification order instructive as to lack of commonality of claims and necessity of individualized proof).

Evidently in an effort to distract from this conundrum, Defendant and its lawyers accuse Plaintiffs' counsel of various forms of misconduct. They also create a new species of lawsuit – the "Follow-On Action." Def.'s Mot. Direct Assign., at 1.

The Local Rules, not the mythical creations of Defendant and its counsel, establish when the customary case-assignment procedures of the District should be dispensed with in favor of direct assignment or reassignment based on relatedness. This case is extant – it has not been dismissed – and thus Defendant cannot meet the requirement of Local Rule 40.3(b)(2) for direct assignment, which requires that the previous "case" had been dismissed.[2] And for that reason,

---

[2]   The ham-handed attempt by Defendant and its counsel to conflate a dismissal of an opt-in plaintiff *from* this case under Section 16(b), with the Rule requirement of a dismissed "case" is best seen in paragraph 11: "There is no question that the Follow-On Action is a refiling of a *previously dismissed case*. In fact, the newly-filed complaint specifically alleges that the eleven opt-in plaintiffs *were dismissed from this case* on November 10, 2014." Def.'s Mot. Direct Assign., at 6, ¶ 11 (emphasis added).

Equally specious is Defendant's claim that Plaintiffs' counsel "falsely represented" (Def.'s Mot. Direct Assign., at 2, ¶2) that "they lacked an adequate class representative to pursue their renewed class certification before this Court." As this Court no doubt recalls, Mr. Hall withdrew his consent to be a party-plaintiff in this case (ECF No. 151), only to be reinstated as an individual Plaintiff, and not a class representative, when Groupon nevertheless insisted on taking his deposition. See, e.g., ECF Nos. 173, 176. After his reinstatement to the lawsuit,

Plaintiffs' counsel were not obliged to indicate on the civil cover sheet of the *McDonnell* case that it is a "refiling of a previously dismissed action" – it is not. This Court dismissed the FLSA claims of opt-in plaintiffs, Min. Order dtd. Nov. 10, 2014 (ECF No. 241), not this *action*.

Defendant cannot satisfy the conditions of either Local Rule 40.3 or Rule 40.4, and its motion must be denied.

## II. ARGUMENT

### A. This Case Has Not Been Dismissed, And Thus Local Rule 40.3 Is Not Applicable

A case once dismissed, either with or without prejudice, that is subsequently refiled as a second case, shall be assigned to the judge who presided over the initial case. N.D. Ill. L.R. 40.3.

> *Re-filing of Cases Previously Dismissed.* When a case is dismissed with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter, the second case shall be assigned to the judge to whom the first case was assigned. The designation sheet presented at the time the second case is filed shall indicate the number of the earlier case and the name of the judge to whom it was assigned.

*Id.*

The operative clauses of L.R. 40.3 for purposes of Defendant's motion, as Groupon itself quotes, is that direct assignment is available where "a *case* is dismissed with prejudice or without, and a second case is filed involving the same parties . . . ." *Id.* (emphasis added); Def.'s Mot. Direct Assign., at 6.

This case has not been dismissed; nor does the *McDonnell* case include the same parties. Thus, Local Rule 40.3 is not applicable.

---

Plaintiffs did not designate Mr. Hall as a class representative when they filed their motion for class certification. It is not for Groupon to dictate who Plaintiffs' counsel must use as a class representative.

3

Further, in filing a lawsuit against Defendant that includes former opt-in plaintiffs here, Plaintiffs' counsel were merely following the procedure in similar cases. *See e.g. Donahue,* 2004 WL 2495642, at *1 (after decertification, court denied motion for reassignment under Rule 40.4 of five lawsuits filed by erstwhile class members).

### B. The Conditions For Reassignment Based On Relatedness Under Local Rule 40.4 Are Not Met, Since Defendant Argued On Class Certification, And This Court Determined In Denying That Motion And In Dismissing The Collective Action Opt-In Plaintiffs, That Individual Issues Of Law And Fact Predominate Over Common Issues And That Other Sales Reps Are Not Similarly Situated To Plaintiffs Here

In order that a case be reassigned based on relatedness, the movant must establish both that the cases are related, and that reassignment is proper. L.R. 40.4 (a) & (b); *Donahue,* 2004 WL 2495642, at *1.

"The fact that the cases are brought against the same defendant and generally involve the same types of allegations are not sufficient to show the cases are related pursuant to Local Rule 40.4(a)." *Donahue,* 2004 WL 2495642, at *2.

Like the defendant in *Donahue*, Defendant here has failed to identify particular issues of fact or law common to the cases: indeed, Defendant argued, and this Court determined, that "individualized factual and legal inquiries would be necessary to determine if each Account Rep's 'primary dut[ies]' involved work directly related to Groupon's general business operations . . .." Mem. Op. Order, at 14 (ECF No. 223). The Court also determined that commonality was not met because Plaintiffs could not establish "in one stroke" whether the administrative exemption applies to all Sales Reps. *Id.* at 21.

4

Furthermore, Defendant's motion does not establish that reassignment is warranted. L.R. 40.4(b). Like *Donahue*, Defendant here cannot establish the second and fourth requirements of Rule 40.4(b).

As this Court has already determined in the denial of class certification, and in the dismissal of opt-in plaintiffs, the claims of Plaintiffs here and those of other Sales Reps are not susceptible of disposition in a single proceeding. Because the Court ruled that individualized factual and legal inquiries are necessary to determine the primary duties of each Sales Rep, resolution of that question for the *Dailey* Plaintiffs will not resolve that issue for any other Sales Rep, and thus *Dailey* will not be "outcome determinative" in the *McDonnell* case. *See Donahue,* 2004 WL 2495642, at *2 (each case relies on a different set of facts, and thus a finding in one case would not be dispositive of any other case). Notwithstanding Defendant's nearly 50-page opus as to why all Sales Rep claims cannot be heard in a single action, Defendant now, and in one single sentence, claims that "both cases are susceptible to resolution in a single proceeding . . . ." Def.'s Mot. Direct Assign., at 10.

For the same reason, Defendant has not shown that reassignment will create a substantial savings of judicial effort and time. If as Defendant argued and this Court determined, individualized proof will be required for each Sales Rep as to liability and damages, reassignment will not create any savings of judicial resources.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs ask this Court to deny Defendant's motion for direct assignment or for reassignment for relatedness.

Respectfully submitted,
s/Douglas M. Werman

| | |
|---|---|
| Douglas M. Werman –dwerman@flsalaw.com | Jamie G. Sypulski – jsypulski@sbcglobal.net |
| Maureen A. Salas– msalas@flsalaw.com | Law Office Jamie Golden Sypulski |
| Werman Salas P.C. | 150 North Michigan Avenue |
| 77 W. Washington, Suite 1402 | Suite 1000 |
| Chicago, IL 60602 | Chicago, Illinois 60601 |
| (312) 419-1008 | (312) 360-0960 |