IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANITA DAILEY, JOHN DALEY II, ERIC HALL AND DOMINIC POGGI, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>  v.<br><br>GROUPON, INC.,<br><br>        Defendant. | Case No. 11-cv-5685<br><br>Judge Edmond E. Chang |
| SEAN MCDONNELL, on behalf of himself and all other persons similarly situated, and BARI DOLIN, KELLI FURGESON, GUNARS INKA, JENNIFER MACK, MICHAEL MOORE, FRANK WINTERS, JR., JOHN ADORNO, MEGAN KATZ, ANDREW ALBRIGHT, KATIE LONZE, EDUARDO ROSELL, JR., ADAM SCHAIBLEY, TRIXIE MAGSINO, DANIEL TRACY, and GAGE GRIFFING<br><br>        Plaintiffs,<br>  v.<br><br>GROUPON, INC.,<br><br>        Defendant. | Case No. 14-cv-9028<br><br>Judge Edmond E. Chang |

**JOINT STATUS REPORT REGARDING THE PARTIES' POSITIONS REGARDING A LITIGATION PLAN**

    Plaintiffs and Defendant Groupon, Inc. (the "Parties") jointly report to this Court regarding their positions regarding a litigation plan for the *Dailey* and *McDonnell* cases.

    **Areas on Which the Parties Agree:**

    1.    The *Dailey* and *McDonnell* cases should not be consolidated.

    2.    Discovery and status hearings should be coordinated in the *Dailey* and *McDonnell*

1

cases.

**Groupon's Position:**

1. On October 29, 2014, a status hearing was held in the *Dailey* case. At that hearing, the Court directed Plaintiffs to submit by the following day, October 30, 2014, a letter to Groupon identifying the discovery responses for which they sought supplementation. *See Dailey* Dkt. 232. The Court further directed the parties to meet and confer on those issues the following week, with the expectation that Plaintiffs would file their renewed motion for class certification after the completion of such supplementation. *Id.* Neither Party sought to conduct merits discovery at that time; nor did the Court order that the parties should proceed with merits discovery. See *Dailey* Dkt. 232

2. Since that time, Plaintiffs indicated that they would not seek such supplementation in the *Dailey* matter, but instead, would not file a renewed motion for class certification in the *Dailey* case, and wished to proceed with merits discovery regarding the four individual plaintiffs. Plaintiffs also filed the *McDonnell v. Groupon* action, a putative class and collective action. (*McDonnell* Dkt. 1, 26).

3. On December 1, 2014, this Court granted Groupon's motion for reassignment of the *McDonnell* case to this Court, where the previously filed action, *Dailey*, is pending, and directed the parties to confer on a discovery plan and report to the Court by December 8, 2014. (*McDonnell* Dkt. 25; *Dailey* Dkt. 248). The Parties have conferred on the issue of a discovery plan, but have not reached agreement as to how to proceed.

4. Groupon proposes that the parties should proceed as was contemplated at the October 29, 2014 status hearing – *i.e.*, the Plaintiffs should promptly send a letter to Groupon identifying the discovery responses for which they seek supplementation in connection with class

2

Case: 1:11-cv-05685 Document #: 252 Filed: 12/12/14 Page 3 of 6 PageID #:4627

certification issues. Groupon proposes a 45 – 60 day period to complete the supplemental class discovery that Plaintiffs indicated they wanted at the October 29, 2014 status hearing. The Plaintiffs would then file their motion for class certification for the later time period described in the Court's class certification decision within 30-45 days after the completion of the above-described discovery. Groupon proposes that upon the completion of briefing, the Court would conduct a status hearing to address whether merits discovery should proceed at that time, or after the Court's decision on class certification. In either event, the parties would conduct any merits discovery that needs to be completed for both cases in a coordinated fashion so as to avoid duplicative depositions and written discovery.

**Plaintiff's Position:**

1. Plaintiffs believe the differences between the Parties is one of semantics, and not substance.

2. With the Court's recent rulings, the *Dailey* case is now a four-Plaintiff individual Fair Labor Standards Act and Illinois Minimum Wage Law case. The *McDonnell* litigation has sixteen Plaintiffs, and is the different litigation that now contains Plaintiffs' proposed Illinois Minimum Wage Law class action claims.

3. Although Plaintiffs are in agreement with Defendant that Groupon must "supplement" its document production and other discovery it provided in the *Dailey* litigation for purposes of class certification motion to be filed in the *McDonnell* case, the correct mechanism is through written discovery issued *in* the *McDonnell* case. All discovery taken and produced in the *Dailey* litigation should available to use as part of the *McDonnell* litigation.

4. Contrary to Defendant's suggestion, Plaintiffs agree (and agreed during the Parties' conferences) to coordinate discovery in the two cases, including merits discovery in the

3

*Dailey* litigation, and to avoid duplicative discovery.

5. Plaintiffs propose they issue their written discovery requests the *McDonnell* case prior to December 31, 2014.

6. Plaintiffs propose that Groupon produce all documents responsive to Plaintiffs' discovery requests relating to class certification issues in the *McDonnell* litigation within 45-60 days. If Plaintiffs require depositions, they propose an addition 45 days after Groupon completes its document production to complete such oral discovery.

7. Plaintiffs agree that in the *McDonnell* case, Plaintiffs would then file their motion for class certification within 30-45 days after the completion of the above-described discovery.

8. Plaintiffs have no objection that upon the completion of briefing, the Court would conduct a status hearing to address to further address merits discovery.

Dated: December 12, 2014                             Respectfully submitted,

                                                     By:/s/Douglas M. Werman

Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas– msalas@flsalaw.com
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

Jamie G. Sypulski – jsypulski@sbcglobal.net
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
(312) 360-0960

4

        GROUPON, INC.,

        By: */s/ David K. Haase*
          One Of Its Attorneys

David K. Haase
Catherine S. Lindemann
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1000
Chicago, IL  60654
312.372.5520

Richard J. Prendergast, Esq.
Michael T. Layden, Esq.
RICHARD J. PRENDERGAST, LTD.
111 W. Washington St., Suite 1100
Chicago, Illinois 60602
(312) 641-0881

## CERTIFICATE OF SERVICE

The undersigned, an attorney for Defendant, certifies that on December 12, 2014, he electronically filed *Joint Status Report Regarding The Parties' Positions Regarding A Litigation Plan* with the Clerk of the United States District Court for the Northern District of Illinois, which will electronically send notice of same to the following via ECF system:

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Zachary C. Floweree
Werman Salas, P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601


       */s/ David K. Haase*
       David K. Haase

Firmwide:130610876.1 069273.1001